IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET KATHLEEN NICKERSON-<br>  MALPHER | * | |
| | * | |
| Plaintiff | | |
| | * | |
| v | | Civil Action Case No. RDB-11-3247 |
| | * | |
| DONALD G. ALEXANDER, in his individual<br>and personal capacity | * | |
| | | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The self-represented plaintiff, a resident of Maine, brings this action against the Honorable Donald G. Alexander, a justice on the Maine Supreme Judicial Court.[1] This Court will DISMISS the complaint and CLOSE the case for reasons to follow.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is "federal question" jurisdiction under 28 U.S.C. § 1331. There is no presumption that the court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). As such, federal courts are required to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed.R.Civ.P. 12(h) (3).

---

[1] Plaintiff does not identify Defendant's position, but the Complaint makes clear that he is a member of the judiciary.

In the Complaint, Plaintiff faults Defendant for his participation in a judicial proceeding in which she was presumably a party.[2] Mindful that Plaintiff is self-represented, the Court has accorded her Complaint liberal construction. Liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Plaintiff fails to identify a cognizable federal claim. Further, the actions at issue occurred in Maine and the parties are located in Maine. There is no basis for diversity jurisdiction, nor any reason why venue is proper in this district. Consequently, the case will be dismissed for lack of jurisdiction. A separate Order follows.

November 28, 2011                    /s/
Date                                 RICHARD D. BENNETT
                                     UNITED STATES DISTRICT JUDGE

---

[2] Reference to the electronic dockets and decisions on Pacer and Westlaw show that Plaintiff's complaint appears based on litigation she filed after twenty dogs and one cat were removed from her home by the State Animal Welfare Program in Maine. *See State v. Malpher*, 947 A.2d 484 (Me 2008). The removal of the animals and their subsequent forfeiture was affirmed on appeal by the Supreme Judicial Court of Maine. *See id.* She has continued to litigate the issue in state and federal court. *See e.g. see Nickerson-Malpher v. Worley*, 560 F.Supp.2d 75 (D.Me. 2008); *Nickerson-Malpher v. Baldacci*, 560 F.Supp.2d 72 (D.Me. 2008); Nickerson-Malpher v. Baldacci, 522 F.Supp.2d 293 (D.Me.2007); *Nickerson-Malpher v. Baldacci*, 247 F.R.D. 223 (D.Me.2008) *Nickerson-Malpher v. Baldacci*, Civ. No. 07-136-B-W, 2008 WL 1776451 (D.Me 2008) (unpublished); *Nickerson-Malpher v. Baldacci*, Civ. No. 07-136-B-W, 2008 WL 87792 (D.Me. 2008) (Woodcock, C.J.) (unpublished); *Nickerson-Malpher v. Baldacci*, Civ. No. 07-136-B-W, 2008 WL 696806 (D.Me.2008) (Kravchuk, Mag. J.) (unpublished recommended decision). Nickerson-Malpher has also been active in other federal district courts in attempting to remove some or all of these actions from the Maine state courts to federal courts. *See e.g. Nickerson-Malpher v. Wells Fargo Bank*, N.A., C.A. No. 10-11033-JLT (D. Mass. 2010); *Nickerson-Malpher v. State of Maine, The Fiction*, Civ. No. 3:09CV-917-H (D. Ky. 2010); *Nickerson-Malpher v. State of Maine, The Fiction, Civ.* No. 3:09CV-914-S (D. Ky., 2010); *Nickerson Malpher v. State of Maine*, Civ. No. 09-570-TUC-CKJ (D. AZ. 2009).